UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                                      Case Number 98-40285-BC
v.                                                Honorable Thomas L. Ludington

VEHICLE 1995 GREAT DANE, et al,

          Defendants.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO STRIKE CLAIM OF JOSE EDUARDO GARCIA-PEREZ

On August 10, 1998, the government initiated this forfeiture proceeding and on November 5, 1998, filed an amended complaint [Dkt. # 13]. The government sought the forfeiture of the following: Vehicle 1995 Great Dane, VIN 1GRAA9620SW086401; Currency $50,305.00; Vehicle 1998 Kenworth, VIN 1XKTDB9X3WJ762985; Personal Property Funds on Deposit in Michigan National Bank ("MNB") Account Number 6840-84189-1; and Personal Property Funds on Deposit in Norwest Bank Account Number 7701263167. Claimants to the property included Emma S. Rodgers; Jose Garcia-Perez; Norma Olivia Chacon; and Associates Commercial Corporation, for a senior purchase money security interest in the two vehicles.

On February 10, 1999, the Court entered an order pursuant to a stipulation between the government, Emma Rodgers, and Associates Commercial Corporation, to sell the vehicles in order to avoid the accrual of additional storage costs, interest on the lien, and depreciation during the pendency of this matter. Ultimately, the proceeds from the sale amounted to $18,946.94.

The same day, the Court entered an order pursuant to a stipulation between the government and all claimants to stay the proceedings because of claimant Garcia-Perez' status as a criminal

defendant in a related action (98-80357, Feikens, J., reassigned July 22, 1999 to O'Meara, J.) and because claimant Rodgers was the subject of an ongoing criminal investigation. This case was stayed "pending completion of the criminal action against claimant Jose Eduardo Garcia-Perez and criminal investigation against claimant Emma Rodgers."

On September 9, 2005, the Court entered an order to lift the stay as to Rodgers pursuant to a stipulation between Rodgers and the government representing that a settlement had been reached as to Rodgers' claim. On October 12, 2005, the parties submitted an amended stipulation for entry of a consent judgment. The parties stipulated that Rodgers was not claiming the $11,592.69 in the Norwest bank account; that the $50,305.00 in U.S. currency and $10,193.74 of the funds in the MNB count were forfeited to the government; and that the sale proceeds from the vehicles ($18,946.94) and $6,053.06 of the funds in the MNB account were to be returned to Rodgers. Based on the stipulation, a judgment entered as to Rodgers on October 12, 2005.

On September 11, 2009, the government filed a motion to lift the stay [Dkt. # 35], as to claimants Garcia-Perez and Chacon. The government represented that on December 11, 2001, claimant Garcia-Perez failed to appear for pre-trial proceedings in his criminal case; that on March 11, 2003, his bond was revoked; and that he remains a fugitive. The government asserted that civil discovery will no longer adversely affect the ability of the government to conduct a related criminal investigation or case because Rodgers is no longer a party, and Garcia-Perez has fled the jurisdiction, citing 18 U.S.C. § 981(g). The government sought to conduct discovery to respond to claimant Chacon's asserted defense that the funds in the Norwest bank account do not include proceeds of illegal drug trafficking. After neither Garcia-Perez nor Chacon filed a response or appeared at a scheduled hearing, the Court granted the government's motion to lift the stay.

Now before the Court is the government's motion to strike claim of Jose Eduardo Garcia-Perez [Dkt. # 40], filed on January 13, 2010. The government contends that Garcia-Perez is barred from challenging this civil forfeiture proceeding within the meaning of the fugitive disentitlement doctrine codified at 28 U.S.C. § 2466. Section 2466(a) contains two basic requirements: First, the claimant must be somehow evading the jurisdiction of the court in order to avoid criminal prosecution after receiving notice that a warrant or process has been issued for his apprehension. § 2466(1). Second, the claimant must not be held in custody in another jurisdiction for criminal conduct occurring there. § 2466(2).

The government contends that subsection (1) of § 2466 is satisfied because Garcia-Perez was indicted in criminal case number 98-80357 in this jurisdiction on October 28, 1998, for criminal charges directly related to the offenses that were the basis for this civil forfeiture action. *See* [Dkt. # 3]. On November 2, 1998, Garcia-Perez signed an acknowledgment of the indictment, *see* [Dkt. # 10], and through sometime in September 2001, he continued to appear at criminal pretrial proceedings. On September 5, 2001, a superseding indictment against Garcia-Perez was returned and a warrant for his arrest was issued. *See* [Dkt. # 137, 138]. On December 11, 2001, Garcia-Perez, who was free on bond, did not appear at a pre-trial proceeding in advance of his criminal jury trial, *see* [Dec. 11, 2001 minute sheet] and has remained a fugitive ever since. The government also contends that subsection (2) is satisfied because there is no evidence that Garcia-Perez is confined in another jurisdiction for criminal conduct occurring there.

Based on the above, and the fact that Garcia-Perez did not respond to the government's motion, nor has he attempted to participate in these proceedings since he filed his claim and answer to the complaint in December 1998, the government's motion will be granted.

Accordingly, it is **ORDERED** that the government's motion to strike claim of Jose Eduardo Garcia-Perez [Dkt. # 40] is **GRANTED**.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: April 5, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2010.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS